**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

E.I. DU PONT DE NEMOURS AND )
COMPANY,                    )
                            )
            Plaintiff,      )
                            )
    v.                      )        1:10MC39
                            )
MACDERMID PRINTING SOLUTIONS, )
L.L.C.,                     )
                            )
            Defendant.      )

**MEMORANDUM OPINION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

The instant case comes before the Court on the Motion to Quash Subpoena to Testify Served Upon Phillip Beighle (Docket Entry 1). For the reasons that follow, the instant Motion will be granted in part and denied in part.[1]

---

[1] The Court notes that DuPont's Response Brief and all attachments thereto (see Docket Entries 3, 3-2 - 3-7), as well as MacDermid's Reply Brief and all attachments thereto (see Docket Entries 4, 4-2, 4-3), were filed with the Court under seal. As a basis for said sealing, both briefs contain identical language stating only that the relevant party "respectfully submits this paper under seal as it divulges information and quotes from documents designated as 'Confidential'" under a Protective Order entered in the underlying action. (Docket Entry 3 at 1 n.1; Docket Entry 4 at 1 n.1.) This representation does not adequately address the relevant standard for sealing documents with the Court, including why less drastic options, such as redaction, would not suffice. See, e.g., Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., No. 1:05CV955, 2011 WL 2413404, at *2-5 (M.D.N.C. June 10, 2011) (unpublished). Accordingly, as part of this Order, the Court will direct the parties to file the appropriate motions addressing the issues outlined in Volumetrics or otherwise have their filings unsealed by the Clerk of Court.

Background

MacDermid Printing Solutions, L.L.C. ("MacDermid") and E.I. Du Pont De Nemours and Company ("DuPont") are currently embroiled in a patent infringement action pending in the United States District Court for the District of New Jersey. (See Docket Entry 2 at 1; see also E.I. DuPont de Nemours & Co. v. MacDermid Printing Solutions, LLC, C.A. No. 06-3383 (D.N.J.).) In that action, which underlies the instant motion to quash, DuPont alleges that MacDermid infringed on certain claims of U.S. Patent Nos. 6,773,859 (the "'859 Patent") and 6,171,758 (the "'758 Patent"). (See Docket Entry 2 at 2.) In response, MacDermid asserts, *inter alia*, that the patents are invalid, that MacDermid does not infringe the patents, and that the '859 patent is unenforceable. (Id.) MacDermid has also asserted a number of counterclaims, including antitrust violations and other business-related common law torts. (Id.)

In connection with that matter, DuPont served a subpoena seeking both testimony and documents from non-party Dr. Phillip Beighle ("Dr. Beighle") pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Docket Entry 2-2.) Dr. Beighle's instant Motion moves to quash that subpoena "on the grounds that it is overly broad, unduly burdensome, seeks testimony not reasonably calculated to lead to the discovery of admissible evidence, and constitutes an unnecessary fishing expedition." (Docket Entry 2 at 1.)

## Legal Standard

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to non-parties. See Fed. R. Civ. P. 45. The scope of discovery under Rule 45 is the same as that under Rule 26, see Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 240 (M.D.N.C. 2010) (citing Fed. R. Civ. P. 26 advisory committee's notes, 1991 Amendment, Subdivision (a)), which allows for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1). Under this standard, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

A non-party in receipt of a subpoena may move to quash. See Fed. R. Civ. P. 45(c)(3). In so doing, the non-party "'may seek from the court protection from discovery via the overlapping and interrelated provisions of both Rules 26 and 45'" of the Federal Rules of Civil Procedure. Snoznik v. Jeld-Wen, Inc., 259 F.R.D. 217, 222 (W.D.N.C. 2009) (quoting Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 529 (D. Del. 2002)).

Rule 45 provides that the Court must quash a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend

a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A). It further provides that the Court may quash a subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)(B).

Under Rule 26(b)(2), the Court must limit the frequency or extent of discovery if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

In sum, when conducting an analysis under Rule 45, the Court "is required to apply the balancing standards: relevance, need, confidentiality and harm. Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." Insulate Am. v. Masco Corp., 227 F.R.D. 427, 432 (W.D.N.C. 2005) (citations omitted).

## Discussion

DuPont contends that Dr. Beighle's prior experience working with technology relevant to the '758 Patent gives him knowledge directly relevant to DuPont's claims and MacDermid's counter-claims. (See Docket Entry 3.) The technology at issue in the underlying matter involves flexography - a type of printing process used on a variety of products such as food packaging, plastic bags, labels, envelopes, and newspapers. (See id. at 3.) The '758 Patent relates to a process for achieving a low degree of thermal distortion in the manufacture of the flexographic printing plates that are employed by flexography. (See id. at 3-4; see also Docket Entry 3-2.)

Dr. Beighle worked for DuPont from 1970 to 2001. (See Docket Entry 5 at 1.) At the latter end of that time period, from 1998 until his retirement from DuPont in 2001, Dr. Beighle worked at DuPont's Parlin, New Jersey manufacturing facility in the flexographic printing plate manufacturing group. (See id.) Five

years after retiring, Dr. Beighle joined MacDermid as a manufacturing engineering consultant. (See Docket Entry 2 at 2.) Because of these roles, DuPont contends, in its Response Brief, that Dr. Beighle has highly relevant information specifically related to: 1) MacDermid's infringement of the '758 Patent; and 2) MacDermid's allegations of harm resulting from DuPont's allegedly anti-competitive conduct. (See Docket Entry 3 at 6-9.)

*Infringement of the '758 Patent*

With respect to the '758 Patent, Dr. Beighle contends that, "[b]ecause of the New Jersey Court's Markman Order, MacDermid's manufacturing process is simply irrelevant to DuPont's infringement claims." (Docket Entry 2 at 2.) In that Order, the court for the District of New Jersey construed "dimensional stability" as used in the '758 Patent to include a special annealing process that "(1) is in addition and subsequent to the heat treating steps associated with manufacturing the polymeric film, (2) is not the process of bonding the photosensitive elastomer layer to the polymeric substrate . . . ." (Docket Entry 2 at 4; see also Docket Entry 3-3 at 11-12, 20.) Essentially, the Markman Order construed the '758 Patent as involving a step entirely distinct from the manufacturing of the plates. Accordingly, MacDermid argues that, because Dr. Beighle worked only in the actual manufacturing of the plates and had no role in any separate annealing process, Dr. Beighle's

knowledge and testimony is irrelevant to any alleged violation by MacDermid of the '758 Patent.

DuPont, however, asserts that Dr. Beighle's argument "misses the point entirely." (Docket Entry 3 at 7.) Specifically, DuPont points to 35 U.S.C. § 271(a), which states that, "whoever without authority <u>makes</u>, uses, offers to sell or sells any patented invention within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a) (emphasis added). Accordingly, DuPont contends that, because the '758 Patent discloses flexographic printing plates that exhibit thermal distortion of less than 0.03% when processed and an email exchange between Dr. Beighle and MacDermid employee Timothy Gotstick shows Mr. Gotstick asserting that MacDermid has a product specification on dimensional shrinkage in which they "aim for less than 0.025% in x and y directions," MacDermid is <u>making</u> a printing plate meeting the claim limitations of the '758 Patent regardless of the District of New Jersey court's construction of the term "dimensional stability." (Docket Entry 3 at 4, 6-7.) Thus, DuPont concludes Dr. Beighle has information (in the form of both the actual manufacturing process of the plates and the specifications of the manufactured plates) directly relevant to its claim - specifically with respect to whether MacDermid manufactured flexographic plates exhibiting a low degree of thermal distortion. (See id. at 6-8.)

-7-

The Court finds merit in Dr. Beighle's argument. To interpret an infringement of the '758 Patent as broadly as DuPont asks under 35 U.S.C. § 271(a) would essentially render the District of New Jersey court's claim construction meaningless. In other words, DuPont would have this Court treat evidence regarding any flexographic printing plate exhibiting thermal distortion of less than 0.03% as relevant to the infringement analysis regardless of the process used to achieve such levels of dimensional stability, despite the fact that the District of New Jersey court's Markman Order appears to require not only a low level of dimensional distortion, but also the achievement of such levels through a distinct "special annealing process" (see Docket Entry 2-3 at 12-21). In the absence of any indication that Dr. Beighle had any role in a special annealing process used to achieve the dimensional stability exhibited by MacDermid's plates, the Court concludes that DuPont seeks to depose Dr. Beighle on subjects lacking sufficient relevance to justify the burden of such non-party discovery.

*MacDermid's Allegations of Anticompetitive Conduct*

With respect to MacDermid's allegations of anticompetitive conduct, DuPont asserts that "Dr. Beighle's testimony will show that MacDermid's inability to 'make competitive inroads' was entirely due to MacDermid's own production and sales deficiencies." (See Docket Entry 3 at 9.) MacDermid, however, contends that "DuPont should instead seek such information from MacDermid

employees. Dr. Beighle is only a manufacturing consultant to MacDermid and other MacDermid employees, such as manufacturing, sales and product development employees, possess information regarding MacDermid's supply of products to its customers." (Docket Entry 4 at 7.)

The Court, in this regard, finds merit in DuPont's arguments. Dr. Beighle's role as a manufacturing consultant is precisely why his testimony would have special relevance to MacDermid's alleged inability to compete with DuPont. (Docket Entry 3 at 9.) Presumably, Dr. Beighle was hired in his role as a consultant due to specialized knowledge and significant experience with the manufacturing processes at issue. Therefore, Dr. Beighle's insights regarding any production deficiencies (which DuPont, through the submission of various email exchanges, has shown Dr. Beighle likely would possess (see Docket Entries 3-6, 3-7)), has probative value as to the claims in question that sufficiently offsets the burden a deposition imposes on Dr. Beighle, even taking into account his non-party status. Accordingly, DuPont's deposition of Dr. Beighle on the issue of MacDermid's internal manufacturing difficulties may proceed.

*Document Request*

DuPont's subpoena on Dr. Beighle also contains 13 document requests. (See Docket Entry 2-2 at 9.) Dr. Beighle contends that "[n]one of the document requests relate to the patent-at-issue or

-9-

even MacDermid's manufacturing processes." (Id. at 10.)  DuPont's Response Brief lacks any argument regarding the document requests. (See Docket Entry 3.)  Accordingly, as the record lacks any evidence regarding the relevancy of or DuPont's need for the documents, DuPont's subpoena will be quashed in this respect.

## Conclusion

The information sought by DuPont with respect to MacDermid's infringement of the '758 Patent appears neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, no grounds exist to find that the document requests contained in the subpoena are either relevant to or needed for the underlying action.  However, Dr. Beighle's knowledge of MacDermid's internal manufacturing difficulties is sufficiently relevant to the question of whether MacDermid suffered harm due to alleged anti-competitive conduct on the part of DuPont to warrant the deposition of Dr. Beighle on that subject.

**IT IS THEREFORE ORDERED** that the Motion to Quash Subpoena to Testify Served Upon Phillip Beighle (Docket Entry 1) is **GRANTED IN PART** and **DENIED IN PART;** in that DuPont can proceed with its deposition of Dr. Beighle limited to matters concerning MacDermid's internal manufacturing difficulties for purposes of refuting MacDermid's allegations that anti-competitive conduct on the part

of DuPont caused MacDermid's failure to achieve success in the marketplace.

**IT IS FURTHER ORDERED** that each party shall file an appropriate motion to seal addressing the relevant considerations for filing their respective briefs and attachments thereto under seal with the Court by March 30, 2012.  If DuPont has not filed any such motion to seal by that date, the Clerk shall unseal DuPont's Docket Entries 3 and 3-2 through 3-7.  If Dr. Beighle has not filed any such motion to seal by that date, the Clerk shall unseal Dr. Beighle's Docket Entries 4, 4-2 and 4-3.

                                        /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                           **United States Magistrate Judge**

Date:  March 6, 2012